IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JAMIE L. SWIGERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-0618-CV-W-HFS |
| ) | |
| ROYAL LIQUORS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the court is plaintiff's motion for remand pursuant to 28 U.S.C. §§ 1441( c ) and 1367 ( c ). On July 30, 2007, plaintiff commenced this action in Jackson County Circuit Court, Missouri, for violations of the Missouri Human Rights Act, Chapter 213. She asserted claims against defendants Royal Liquors, Inc. and James Kasik[1], including Unlawful Employment Practices; Sexual Harassment in violation of Title VII; and Negligent Infliction of Emotional Distress as against Kasik.

On August 24, 2007, pursuant to 28 U.S.C. §§ 1441 and 1446, defendants timely removed the action to this court. The basis for removal was this court's original jurisdiction over plaintiff's Title VII claim pursuant to 42 U.S.C. § 2000e, and pursuant to 28 U.S.C. § 1367, defendants stated that supplemental jurisdiction could be exercised over plaintiff's state law claims. Shortly thereafter, plaintiff amended her complaint, omitting the Title VII claim, and filed a motion for remand.

---

[1] Although referred to by plaintiff as "Casik," defendants have corrected the spelling and plaintiff does not dispute.

Defendants resist the motion claiming that plaintiff has engaged in forum manipulation, and urge this court to exercise its supplemental jurisdiction over the remaining state law claims.

The parties cite <u>Lindsey v. Dillards, Inc.</u>, 306 F.3d 596 (8th Cir. 2002) in support of their respective positions. Plaintiff contends that because a federal question no longer exists, this court should decline to exercise supplemental jurisdiction over the remaining state law claims and remand the matter pursuant to 28 U.S.C. §§ 1441( c ) and 1367( c ).[2] "Under §§ 1367( c ) and 1441( c ), a court is not required to remand state law claims when the only federal claim has been dismissed. Instead, the district court maintains discretion to either remand the state law claims or keep them in federal court." <u>Krambeck v. Children and Families of Iowa, Inc.</u>, 451 F.Supp.2d 1037, 1042 (S.D.Iowa 2006).

Neither party argues that the state law issues are so novel or complex that they should be heard in state court, or that the state law claims substantially predominate over the Title VII claim in which this court had original jurisdiction. Further, it is undisputed that with the amended

---

[2] 28 U.S.C. § 1367( c ) reads in pertinent part: "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if - ....
    (1) the claim raises a novel or complex issue of State law,
    (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
    (3) the district court has dismissed all claims over which it has original jurisdiction, or
    (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction
28 U.S.C. § 1441 ( c ) reads in full:
Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates. <u>Lindsey</u>, 306 F.3d at 599.

complaint, original jurisdiction is removed. Thus, § 1367( c ) provides ample support in favor of remand.

The Supreme Court has noted several relevant factors for consideration when a district court is deciding whether to exercise supplemental jurisdiction. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988). These considerations would include judicial economy, convenience, fairness, and comity. Id. Normally, though not mandatory, when the federal claims are disposed of before trial, these factors will lead a court to decline to exercise supplemental jurisdiction over the state law claims. Krambeck, at 1043. The court in Krambeck found that the balance of judicial economy, convenience, fairness and comity mitigated in favor of retention of jurisdiction. In arriving at this determination, the court noted the significant investment of judicial time and resources expended in the case. Krambeck, at 1044-45.[3]

Unlike the circumstances present in the aforementioned cases, this action has been pending for less than three months. The docket sheet reflects only the filing of the removal notice, the amended complaint, and defendants' answer. A scheduling order has not issued, thus, a trial date

---

[3]Ruling on a motion to amend the complaint, approval of a protective order, denial of a motion to extend expert designation deadlines, and granting dismissal with prejudice as to five plaintiffs and their respective claims. Id; see also, Grain Land Coop v. Kar Kim Farms, 199 F.3d 983, 993 (8th Cir. 1999) (when the district court has invested substantial resources in ruling on summary judgment, it is not an abuse of discretion for the court to exercise supplemental jurisdiction, even when all federal claims are disposed of before trial); Hansen v. Sioux By-Products, 988 F.Supp. 1255, 1261 (N.D.Iowa 1997) (where plaintiff conceded summary judgment on the federal claim eleven months after removal, the court found the resources invested in pre-trial administration justified retaining jurisdiction); Murray v. Wal-Mart, Inc., 874 F.2d 555, 558 (8th Cir. 1989) (a substantial investment of judicial time and resources may justify a district court's exercise of jurisdiction over state law claims even when all federal claims are dismissed).

has not been contemplated by the court. With the exception of the present motion, there has been virtually no motion practice resulting in little, if any, court involvement.

Defendant complains of forum shopping, and cites cases from sister circuits which found it to be a factor in determining retention of jurisdiction. While this concern may be well founded, it has been previously held that the Eighth Circuit does not consider forum shopping concerns prohibitive of remand. Krambeck, at 1045; see also, Lindsey, 306 F.3d at 596; Thelen v. Wakonda Club, 2004 WL 1737382 *3 (S.D.Iowa July 23, 2004). In view of the circumstances as they present in this case, the action will be remanded to state court.

Accordingly, it is hereby

ORDERED that plaintiff's motion for remand (ECF doc. 5) is GRANTED, and this case is REMANDED to the Circuit Court of Jackson County, Kansas City, Missouri, effective November 28, 2007.

   /s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

November 7, 2007

Kansas City, Missouri

4

Case 4:07-cv-00618-HFS   Document 8-1   Filed 11/07/07   Page 4 of 4